An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-126

Filed 20 August 2025

Cabarrus County, No. 24CRS000141-120

STATE OF NORTH CAROLINA

       v.

ANDREW WILLIAM RUSSELL

Appeal by Defendant from judgment entered 24 July 2024 by Judge Patrick Thomas Nadolski in Cabarrus County Superior Court. Heard in the North Carolina Court of Appeals on 6 August 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Ataesheeana "Tae" Storr, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Callie S. Thomas, for the Defendant.*

PER CURIAM.

Andrew William Russell ("Defendant") appeals from a judgment revoking his probation due to probation violations. Counsel representing Defendant is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks this Court to conduct its own review of the record in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967). After

a thorough examination of the record, we are unable to find any possible prejudicial error and conclude this appeal is wholly frivolous. Accordingly, we find no error with the trial court's judgment.

## I.  Factual and Procedural Background

On 25 July 2023, Defendant pleaded guilty in Iredell County to felony speeding to elude arrest, driving while impaired, and driving by a person under 21 after consuming alcohol. The trial court sentenced Defendant to 7 to 18 months of imprisonment, which was suspended for 18 months of supervised probation.

On 16 April 2024, Defendant's Probation Officer filed a probation violation report alleging Defendant violated his probation on 25 March 2024 by accumulating new charges of resisting a public officer, trespassing, and making harassing phone calls in Stanly County.

On 24 July 2024, the trial court conducted a hearing on Defendant's probation violations in a criminal session of Cabarrus County Superior Court. During the hearing, Defendant admitted to committing a probation violation. At the time of the hearing, Defendant had finished approximately 11 of the 18 months of his supervised probation. Because Defendant was convicted of new criminal charges, the trial court determined Defendant had willfully violated the terms of his probation as outlined in the violation report and revoked his probation. Defendant gave oral notice of appeal.

## II.  Analysis

Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.

Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), indicating she "is unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal." Counsel asks this Court to conduct its own review of the record for possible prejudicial error. Pursuant to *Anders* and *Kinch*, this Court "then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders*, at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498.

Counsel identified potential issues to assist in our independent review, namely: (1) whether Defendant's indictments were proper; (2) whether the probation was properly revoked; and (3) whether Defendant's sentence was authorized to be imposed by statute.

## A. Indictment

Defendant asks this Court to determine whether the indictments for Defendant's original offenses, to which he pled guilty on 25 July 2023, were legally sufficient to confer jurisdiction on the trial court. "[A] valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony." *State v. Campbell*, 368 N.C. 83, 86 772 S.E.2d 440, 443 (2015) (quoting *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981)). A magistrate's order must contain a statement of the crime the defendant is accused of, consistent with the requirements for a warrant for arrest. *See* N.C Gen. Stat. §15A-304 (2024). Here, the magistrate's order named Defendant and contained a statement of the crimes

and where they were alleged to have occurred. Defendant was accused of felony speeding to elude arrest, driving while impaired, and driving by a person under 21 after consuming alcohol on U.S. 21 in Iredell County. Defendant waived a return of a bill of indictment for the felony charge and agreed that the case could be tried based on the magistrate's order. Defendant eventually agreed to a plea deal in lieu of trial.

### B. Probation Revocation

Upon review, Defendant's probation revocation was in accordance with N.C. Gen. Stat. §15A-1344. Defendant admitted the probation violation during the probation revocation proceeding acknowledging that on 25 March 2024 he was convicted of resisting a public officer in Stanly County. Defendant violated a regular condition of his probation, which was not to commit any criminal offense in any jurisdiction while on probation. *See* N.C. Gen. Stat. §15A-1343 (2024).

### C. Sentence Authorization

Upon review, pursuant to N.C. Gen. Stat. § 15A-1340.17, the sentence imposed by the trial court was properly authorized. Defendant was convicted of felony speeding to elude arrest, driving while impaired, and driving by a person under 21 after consuming alcohol. The trial court correctly determined that Defendant's prior record level was Level II and sentenced him in the presumptive range. Upon finding Defendant in violation of his probation, the trial court activated the suspended sentence.

Counsel shows to the satisfaction of this Court that she has complied with the requirements of *Anders* and *Kinch*, by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary to do so. Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time for him to do so has expired. We have fully examined the record for any issue with arguable merit and find no error in the judgments and hold this appeal is wholly frivolous.

## Conclusion

Upon a full review of the record pursuant to our duty under *Anders* and *Kinch*, we find no prejudicial error with the trial court's judgment and hold that this appeal is wholly frivolous.


NO ERROR.

Panel consisting of Judges STROUD, WOOD, and FLOOD.

Report per Rule 30(e).